Bradley S. Keller, WSBA #10665  
Ralph E. Cromwell, Jr., WSBA #11784  
Jofrey M. McWilliam, WSBA #28441  
Byrnes Keller Cromwell LLP  
1000 Second Avenue, 38th Floor  
Seattle, WA  98104  
(206) 622-2000  
Facsimile No.: (206) 622-2522  

Attorneys for Defendants

The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUN DAM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>PERKINS COIE, LLP, a Washington limited liability partnership; PERKINS COIE I, P.C., a Washington corporation registered in California; PERKINS COIE CALIFORNIA, P.C., a California corporation; PERKINS COIE CALIFORNIA II, P.C., a California corporation, and LOWELL NESS, individually,<br><br>　　　　　　　　　Defendants. | No.  2:20-CV-00464<br><br>**CLASS ACTION**<br><br>**ANSWER**<br><br>**District Judge:  Stanley A. Bastian**<br>**Courtroom:**<br>**Magistrate Judge:**<br>**Courtroom:**<br><br>**Complaint Filed:  12/16/20**<br>**Trial Date:** |

I.　　**ANSWER**

Perkins Coie LLP; Perkins Coie I, P.C.; Perkins Coie California, P.C.; Perkins California II, P.C.; and Lowell Ness (sometimes referred to collectively as "Perkins") hereby answer the allegations of the Complaint herein as follows:

ANSWER - 1

1. States that paragraph 1 purports to summarize the relief sought by Plaintiff and thus does not require a response but, to the extent that any response is required, denies the allegations of paragraph 1, including denying that Perkins has misappropriated any funds whatsoever.

2. Denies the allegations of paragraph 2 for lack of information sufficient to form a belief as to their truth or falsity.

3. Denies the allegations of paragraph 3, except admits that Perkins Coie LLP conducts some business in the Eastern District of Washington.

4. Denies the allegation of paragraph 4, except admits that Perkins Coie LLP has an office in the State of Washington.

5. Denies the allegations of paragraph 5 regarding the location and activities of the Jun Dam for lack of information or knowledge sufficient to form a belief as to their truth or falsity and denies any other allegation in paragraph 5.

6. Admits that Perkins Coie LLP is a Washington professional limited liability partnership, admits that it has an office in Seattle, Washington, admits that Perkins Coie LLP provides some legal services to clients in the Eastern District of Washington, but otherwise denies the allegations of paragraph 6 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

7. Denies the allegations of paragraph 7.

8. Admits the allegations in the first sentence of paragraph 8. Denies the allegations in the second sentence of paragraph 8, but admits that Perkins Coie California, P.C., is a partner in Perkins Coie LLP.

ANSWER - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

9. Denies the allegations of paragraph 9.

10. Admits that Lowell Ness is a resident and citizen of the State of California, admits that he is a partner in Perkins Coie LLP, admits that Perkins Coie LLP maintains a web page with information relating to Mr. Ness, the contents of which speak for itself, but denies the other allegations of paragraph 10 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

11. Denies the allegations of paragraph 11 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

12. Denies the allegations of paragraph 12 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

13. Denies the allegations of paragraph 13 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

14. Denies the allegations of paragraph 14 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

15. Denies the allegations of paragraph 15 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

16. Denies the allegations of paragraph 16 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

17. Admits that Giga Watt Inc. had facilities in Wenatchee, WA, but otherwise deny the allegations of paragraph 17 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18. Admits that Giga Watt Pte., Ltd., sold WTT Tokens that represented the right to accommodate one watt's worth of mining equipment power consumption at Giga Watt, Inc.'s processing center rent free for 50 years, but otherwise deny the allegations of paragraph 18 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

19. Admits that Cryptonomos Inc. created informational materials for Giga Watt Pte., Ltd., that included a "White Paper," but otherwise denies the allegations of paragraph 19 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

20. States that the "White Paper" speaks for itself and otherwise denies the allegations of paragraph 20.

21. Admits that Perkins Coie LLP and Ness were retained to provide limited legal services to Cryptonomos Pte., Ltd. and to Giga Watt Pte., Ltd.; admits that Perkins Coie LLP held certain funds in its IOLTA Trust Account for the benefit of its client Giga Watt Pte., Ltd.; but otherwise denies the allegations of paragraph 21.

22. Admits that Cryptonomos Pte., Ltd., and Giga Watt Pte., Ltd., retained Perkins Coie LLP to provide certain limited legal services; admits that Lowell Ness was involved in providing services to both Cryptonomos Pte., Ltd., and Giga Watt Pte., Ltd.; admits that Cryptonomos Pte., Ltd., provided certain marketing and advisory services to Giga Watt Pte., Ltd., with regard to the sale of WTT Tokens; but otherwise denies the allegations of paragraph 22 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

ANSWER - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

23. Admits that Cryptonomos listed Perkins Coie LLP and Ness as one of its legal advisors on a company website, denies that Perkins agreed that its name could be used as a part of efforts to market WTT Tokens, and otherwise denies the allegations of paragraph 23 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

24. Denies that WTT Tokens could be purchased through the White Paper and otherwise denies the allegations of paragraph 24 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

25. Denies that Perkins held funds "in escrow," denies that Perkins had any contact with or duty to purchasers in a "secondary market," and otherwise denies the allegations of paragraph 25 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

26. Denies the allegations of paragraph 26 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

27. Admits that Giga Watt, Inc., filed a petition in bankruptcy in the Eastern District of Washington, admits that a trustee was appointed in that bankruptcy, but otherwise denies the allegations of paragraph 27 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

28. Admits that as of August 4, 2017, Perkins Coie LLP held approximately $22.4 million in its IOLTA Trust Account for the benefit of its client Giga Watt Pte., Ltd., admits that Perkins Coie LLP was instructed to make numerous refunds from its IOLTA Trust Account and did so, admits that Perkins Coie LLP made four

ANSWER - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

distributions to Giga Watt Pte., Ltd., totaling approximately $10.8 million, and admits that Perkins Coie LLP made four distributions totaling approximately $10.8 million to Giga Watt, Inc., at the instruction of Giga Watt Pte., Ltd., but otherwise denies the allegations of paragraph 28.

29. Denies the allegations of paragraph 29 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

30. Denies the allegations of paragraph 30.

31. Paragraph 31 purports to summarize the relief sought by Plaintiff and thus requires no response but, to the extent any response is required, Perkins denies the allegations of paragraph 31.

32. Paragraph 32 purports to summarize the relief sought by Plaintiff and thus requires no response but, to the extent any response is required, Perkins denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

34. Denies the allegations of paragraph 34, including all subparagraphs (a) through (g).

35. Denies the allegations of paragraph 35.

36. Denies the allegations of paragraph 36, except denies for lack of sufficient information or knowledge the allegations regarding class counsel's experience.

37. Denies the allegations of paragraph 37.

ANSWER - 6

38. Denies any allegation that Perkins acted wrongfully or negligently, but otherwise denies the allegations of paragraph 38 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

39. Realleges and incorporates its answers to paragraphs 1-38, *supra*, in response to paragraph 39.

40. Admits that Perkins Coie LLP and Ness understood that they would be listed as legal advisors to Cryptonomos on its website, but denies the remaining allegations of paragraph 40, and specifically denies that they agreed that their names could be used to market WTT Tokens.

41. Admits that Perkins Coie LLP received and held certain proceeds of Giga Watt Pte., Ltd.'s sale of WTT Tokens in its IOLTA Trust Account; admits that it understood that it was to hold the proceeds in said account until it was informed that the transactions had closed by issuance of WTT Tokens to the respective purchasers; but denies the other allegations in paragraph 41.

42. Denies that Perkins made any "offer" which was or could be accepted by token purchasers and denies the other allegations of paragraph 42 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

43. Denies the allegations of paragraph 43.

44. Denies that Perkins owed or breached any fiduciary duty to holders of WTT Tokens, but otherwise denies the allegations of paragraph 44 for lack of information or knowledge sufficient to form a belief as to their truth or falsity.

45. Denies the allegations of paragraph 45.

ANSWER - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

46. Realleges and incorporates by reference its answers to paragraphs 1-38 and 40-42, *supra*, in response to paragraph 46.

47. Denies the allegations of paragraph 47.

48. Denies the allegations of paragraph 48.

49. Denies the allegations of paragraph 49.

50. Denies the allegations of paragraph 50.

51. Realleges and incorporates by reference its answers to paragraphs 1-38 and 40-42, *supra*, in response to paragraph 51.

52. Admits that Perkins Coie LLP agreed that it would hold certain proceeds of Giga Watt Pte., Ltd.'s sale of WTT Tokens in an IOLTA Trust Account for the benefit of its client Giga Watt Pte., Ltd., until it was informed that the transactions had closed by issuance of WTT Tokens to the respective purchasers, but denies any other allegation in paragraph 52.

53. Denies the allegations of paragraph 53.

54. Denies the allegations of paragraph 54.

55. Denies the allegations of paragraph 55.

56. Realleges and incorporates by reference its answer to paragraphs 1-38, 40-45, and 47-55 in response to paragraph 56.

57. Paragraph 57 purports to summarize certain statutory provisions and thus requires no response but, to the extent any response is required, Perkins states that RCW 19.86.020 speaks for itself.

ANSWER - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

58. Admits that the acts of Ness were within the scope of his employment, admits that Perkins Coie LLP has some policies and procedures with respect to the practice of the firm, but otherwise denies the allegations of paragraph 58.

59. Denies the allegations of paragraph 59.

60. Denies the allegations of paragraph 60.

61. Admits that Perkins Coie LLP received and held certain proceeds from sales of WTT Tokens in an IOLTA Trust Account for the benefit of its client Giga Watt Pte., Ltd., but otherwise denies the allegations of paragraph 61.

62. Admits that Perkins Coie LLP made distributions of sale proceeds from its IOLTA Trust Account in accordance with instructions from its client Giga Watt Pte., Ltd., that sales transactions had closed by the issuance of various installments of WTT Tokens, admits that it eventually distributed all of the proceeds of sales of WTT Tokens that were in its IOLTA Trust Account, but denies any other allegations in paragraph 62.

63. Admits that Perkins had no direct communications with token holders of WTT Tokens, but otherwise denies the allegations of paragraph 63.

64. Denies the allegations of paragraph 64.

65. Denies the allegations of paragraph 65.

66. Admits that law firms and lawyers are regulated by a state bar association, admits that lawyers at Perkins Coie LLP are licensed to practice law in various jurisdictions, admits that lawyers are exempt from escrow agent registration and bonding requirements, admits that Lowell Ness has a web page that describes his

ANSWER - 9

practice and position, which speaks for itself, but otherwise denies the allegations of paragraph 66.

67. Denies the allegations of paragraph 67.

68. Denies the allegations of paragraph 68.

69. Denies the allegations of paragraph 69.

70. Paragraph 70 states a conclusion of law and thus no response is required but, to the extent any response is required, denies the allegations of paragraph 70.

71. Denies the allegations of paragraph 71.

72. Paragraph 72 purports to summarize the relief sought by the Plaintiff and thus no response is required but, to the extent any response is required, Perkins denies the allegations of paragraph 72.

73. Realleges and incorporates by reference its answers to paragraphs 1-38, 40-45, 47-55 and 58-69 in response to paragraph 73.

74. Paragraph 74 states a conclusion of law and thus, no response is required but, to the extent any response is required, Perkins denies the allegations of paragraph 74.

75. Paragraph 75 states a conclusion of law and thus, no response is required but, to the extent any response is required, Perkins denies the allegations of paragraph 75.

76. Denies the allegations of paragraph 76.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

77. Paragraph 77 states a legal conclusion and thus, no response is required but, to the extent any response is required, Perkins denies the allegations of paragraph 77.

78. Paragraph 78 states a legal conclusion and thus, no response is required but, to the extent any response is required, Perkins denies the allegations of paragraph 78.

79. Denies the allegations of paragraph 79.

80. Denies the allegations of paragraph 80.

## II. AFFIRMATIVE DEFENSES

By way of further answer, and as affirmative defenses, Perkins hereby alleges as follows:

1. <u>Arbitration</u>.  Under the facts and theories alleged in the Amended Complaint, Plaintiff and the purported class members are parties to a contract which broadly provides that any dispute regarding token purchases and the incorporated "escrow" will be arbitrated before the Singapore International Arbitration Centre in Singapore.  Perkins hereby demands that claims asserted in the Class Action Complaint be arbitrated and does not waive the right to such arbitration by filing this Answer and Affirmative Defenses.

2. <u>Waiver</u>.  Plaintiff and each purported class member have contractually waived the right to bring claims in a representative capacity or as a class action. Plaintiff and each purported class member have also contractually waived the right to pursue or recover consequential damages.

ANSWER - 11

     3.    <u>Venue</u>.  Plaintiff and each purported class member have agreed that all claims relating to their alleged purchasing of WTT Tokens will be brought in a different venue.

     4.    <u>Failure to State a Claim.</u>  The Class Action Complaint, in whole or in part, fails to state a claim against Perkins upon which relief can be granted.

     5.    <u>Standing/Real Party in Interest</u>.  To the extent that Plaintiff or purported class members did not purchase WTT Tokens from Giga Watt Pte., Ltd., via a WTT Token Purchase Agreement, they lack standing to enforce the terms of the alleged "escrow" agreement.

     6.    <u>Allocation of Fault</u>.  Plaintiff's losses and/or damages, and the losses and/or damages of each purported class member, if any, were caused in whole or in part by their own comparative fault and/or fault on the part of other parties and non-parties.  Any non-parties will be identified following relevant discovery.  Any fault on the part of Perkins must, therefore, be reduced in proportion to the fault of other parties and non-parties.

     7.    <u>Intentionally Caused Harm.</u>  Plaintiff's injuries and damages, and the alleged injuries and damages of each purported class member, in whole or in part, were caused by the intentional culpable conduct of others.  Damages caused by intentional tortfeasors cannot be mixed with or recovered from negligent or "at fault" actors.  Accordingly, all damages of Plaintiff and/or purported class members caused by the intentional conduct of others, including the intentional conduct of any parties

ANSWER - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

and non-parties, must be segregated and may not be apportioned to any "at fault" parties such as Perkins.

8. <u>Statute of Limitations</u>. The claims asserted by Plaintiff and/or by each purported class member are time-barred in whole or in part under applicable statutes of limitations.

9. <u>Failure to Mitigate</u>. Plaintiff, and each purported class member, have failed to take reasonable steps to mitigate their alleged damages.

10. <u>Lack of Personal Jurisdiction</u>. This Court lacks personal jurisdiction over Lowell Ness.

11. <u>Improper Class Action</u>. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, cannot and should not be maintained on a class-action or representative action basis because those claims, and each of them, fail to meet the necessary requirements for class certification, including, *inter alia*, class ascertainability, typicality, commonality, numerosity, manageability, superiority, adequacy of the class representative, and lack of a community of interest among the putative class.

## III.  PRAYER FOR RELIEF

Accordingly, having fully answered the Class Action Complaint, Perkins hereby requests that the Court grant the following relief:

A. That the Court order the parties to arbitrate the claims asserted in the Class Action Complaint and stay this action pending the outcome of that arbitration;

B. That the Court deny Plaintiff's request to certify a class;

ANSWER - 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

C.    That Plaintiff and/or each purported class member recover nothing from Perkins on the claims asserted in the Class Action Complaint;

D.    That all claims asserted in the Class Action Complaint be dismissed with prejudice;

E.    That Perkins recovers from Plaintiff its reasonable costs and fees incurred in defending the claims asserted in the Class Action Complaint; and

F.    Such other legal or equitable relief as Perkins may prove entitlement to or which the Court deems appropriate and just.

DATED this 1st day of March, 2021.

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA #10665

By /s/ Ralph E. Cromwell, Jr.
    Ralph E. Cromwell, Jr., WSBA #11784

By /s/ Jofrey M. McWilliam
    Jofrey M. McWilliam, WSBA #28441

*Attorneys for Defendants*
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: bkeller@byrneskeller.com
          rcromwell@byrneskeller.com
          jmcwilliam@byrneskeller.com

ANSWER - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

By /s/ Ralph E. Cromwell, Jr.
Ralph E. Cromwell, Jr.
*Attorneys for Defendants*
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
206-622-2000
Fax: 206-622-2522
Email: rcromwell@byrneskeller.com

ANSWER - 15